UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN, CDCR #V-22349,<br><br>        Plaintiff,<br><br>vs.<br><br>P. BRACHAMOUTE, et al.,<br><br>        Defendants. | Case No.: 3:17-cv-01331-JAH-BLM<br><br>**ORDER**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 6]**<br><br>**AND**<br><br>**(2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

  TONY BLACKMAN (Plaintiff), currently incarcerated at Richard J. Donovan Correctional Facility (RJD) in San Diego, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the Eastern District of California on June 12, 2017 (ECF No. 1).

  On June 29, 2017, United States Magistrate Judge Deborah Barnes transferred the action to the Southern District of California pursuant to 28 U.S.C. § 1406(a) (ECF No. 3). Plaintiff did not pay the civil filing fee required to commence a civil action when he filed

suit, but after the transfer, he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 6).

Plaintiff's Complaint is practically illegible and almost incomprehensible, but as far as the Court can decipher, he appears to allege RJD officials have "wrongfully rejecte[ed]," "confiscated" and cancelled his grievances, *see* ECF No. 1 at 2, 5, and have refused to "double-cell" him with white, black, or Mexican inmates "in his weight division," based on their "extreme fear of losing there [sic] power." *Id.* at 2, 4. In other portions of his pleading, Plaintiff claims unidentified "tower control officers" cut their "TV cameras and tape recorder[s] … so people can't have [] proof [of] who[']s wrong or right behind state prison close[d] doors," *id.* at 2, and he contends he is being falsely imprisoned on criminal charges filed against him in LA County Superior Court due to "discrimination" and as part of a "cover up." *Id.* at 2, 3, 9.

Because Plaintiff did not file his Motion to Proceed IFP until after the case was transferred, Judge Barnes did not have an opportunity to rule on it; nor did she screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) or § 1915A prior to the transfer.

## I. Motion to Proceed IFP

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

2

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Id.* at 1311.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when court "review[s] a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, he is simply prohibited by section 1915(g) from pursuing any other IFP civil action or appeal in federal court unless he alleges he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

///

///

## II. Application to Plaintiff

As an initial matter, the Court has reviewed Plaintiff's Complaint as carefully as possible given its illegibility, and has ascertained that it does not contain any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, as noted above, Plaintiff's Complaint seeks to sue RJD officials as a group for "wrongfully reject[ing]" and "cancel[ling] [his] appeal grievance complaint," *see* ECF No. 1 at 2, and for failing to "double-cell" him because they fear "losing there [sic] power" over him. *Id.* None of Plaintiff's allegations plausibly suggest, however, that he faced any imminent danger at the time of filing either because his grievances were allegedly handled improperly, or because his current housing assignment places him at any risk whatsoever.

And while Defendants typically carry the burden to show that a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Thus, this Court takes judicial notice that Plaintiff, Tony Blackman, identified as CDCR Inmate #V-22349, has had at least six prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

They are:

1) *Blackman v. Hartwell, et al.*, Civil Case No. 1:99-cv-05822-REC-HGB (E.D. Cal. Jan. 19, 2001) (Findings and Recommendations ["F&R"] re Dismissal of Action) (ECF No. 9 at 2) ("[T]he court recommends dismissal of the claims made in the original complaint with prejudice for failure to state a federal claim upon which the court could grant relief."); (E.D. Cal. March 12, 2001) (Order Adopting F&R "in full" and dismissing action "for failure to state a claim upon which relief can be granted.") (ECF No. 10 at 2) (strike one);

2) *Blackman v. Medina*, Civil Case No. 3:05-cv-05390-SI (N.D. Cal. March 13, 2006) (Order of Dismissal without leave to amend pursuant to 28 U.S.C. § 1915A) (ECF No. 5 at 5) ("[N]either the complaint nor the amended complaint state a claim upon which relief may be granted.") (strike two);

3) *Blackman v. Variz*, Civil Case No. 3:06-cv-06398-SI (N.D. Cal. Dec. 18, 2006) (Order of Dismissal per 28 U.S.C. § 1915A) (ECF No. 5 at 5) ("[N]either the complaint nor the amended complaint state a claim upon which relief may be granted.") (strike three);

4) *Blackman v. Taxdahl, et al.,* Civil Case No. 1:04-cv-06389-AWI-LJO (E.D. Cal. Feb. 27, 2007) (F&R to Dismiss Action without leave to amend for "fail[ure] to state a claim for relief under section 1983.") (ECF No. 8 at 5); (E.D. Cal. May 18, 2007) (Order Adopting F&R "in full" and "Dismissing Entire Action.") (ECF No. 9) (strike four);

5) *Blackman v. Mantel, et al.*, Civil Case No. 3:07-cv-02609-SI (N.D. Cal. Sept. 5, 2007) (Order of Dismissal per 28 U.S.C. § 1915A) (ECF No. 4 at 4) ("[T]his action is dismissed without leave to amend because the complaint fails to state a claim upon which relief may be granted.") (strike five); and

6) *Blackman v. Evans, et al.*, Civil Case No. 1:06-cv-00081-GSA (E.D. Cal. Feb. 3, 2009) (Order Dismissing Action, with prejudice, "based on plaintiff's failure to state any claims upon which relief may be granted under section 1983.")

(ECF No. 18 at 2) (strike six).

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

### III. Conclusion and Order

For the reasons set forth above, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP [ECF No. 6] as barred by 28 U.S.C. § 1915(g);

2) **DISMISSES** this action without prejudice for failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a);

3) **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

4) **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: 9/27/2017

HON. JOHN A. HOUSTON
United States District Judge